## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

GERMANTOWN COPY CENTER, INC.,
on its own behalf and on behalf of all
others similarly situated,

       Plaintiff

vs.

ROGER NAAMAN INSURANCE
SERVICES, INC.; NAAMAN
INSURANCE AGENCY, INC., a
California corporation; NAAMAN
INSURANCE AGENCY, INC., a Texas
corporation, DOE FACSIMILE
BROADCASTERS 1 – 10; and ROE
INSURANCE COMPANIES 1- 10,

       Defendants

Case No.

## CLASS ACTION COMPLAINT

Plaintiff, Germantown Copy Center, Inc., for itself and all persons similarly situated, sues defendants Roger Naaman Insurance Services Inc., Naaman Insurance Agency, Inc., a California corporation, and Naaman Insurance Agency, Inc., a Texas corporation (collectively "RNISI"); Doe Fax Broadcasters 1 – 10; and Roe Insurance Companies 1 – 10, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

## THE PARTIES

1.   Plaintiff, Germantown Copy Center, Inc. is a Maryland corporation maintaining its principal place of business at 12810 Wisteria Drive, Germantown, Maryland 20874.

2.   Defendant Roger Naaman Insurance Services, Inc. is a California corporation.

3.   Defendant Naaman Insurance Agency, Inc. is a California Corporation.

4.   Defendant Naaman Insurance Agency, Inc. is a Texas Corporation.

5.   Defendants Doe Facsimile Broadcasters 1 – 10 are entities and individuals who, on information and belief, primarily designed the advertisements and caused the transmission of advertisements sent via facsimile, promoting life insurance, in collaboration with RNISI and Roe Insurance Companies 1 - 10, to Plaintiff and the class members.

6.   Defendants Roe Insurance Companies 1 – 10 are entities whose products and services were promoted by the other defendants via the transmission of unsolicited advertisements to Plaintiff and the class members.

7.   The names, "Doe Facsimile Broadcasters 1 – 10" and "Roe Insurance Companies 1 – 10" are fictitious names for real persons and entities whose true identities are intentionally concealed and not disclosed in the advertisements sent via facsimile, and cannot reasonably be known by Plaintiffs without discovery.  Plaintiffs intend to amend the complaint to provide the true identities of these defendants when this information is obtained.

8.  At all relevant times, Defendant RNISI conducted business and engaged in a regular course of conduct in Maryland. On its website at www.naamaninsurance.com Defendant states, "Naaman Insurance works with qualified individuals and quality companies to produce outstanding insurance rate offerings in all 50 states."

9.  Defendant RNISI is licensed to sell insurance in Maryland and sells insurance in Maryland.

## JURISDICTION

10. This Court has subject matter jurisdiction of the federal claims asserted in this action under 28 U.S.C. § 1331.

11. This Court has original jurisdiction pursuant to 28 U.S.C. 1332(d)(2)(A) because the matter in controversy exceeds the sum or value of $5,000,000 in the aggregate for the class, exclusive of interest and costs, and is a class action in which a member of the plaintiff class is a citizen of a state different from a defendant.

## THE LEGAL BASIS OF THE CLASS CLAIMS

12. This class action arises from Defendants' violations of the TCPA, a federal statute enacted to prohibit intrusive telemarketing practices.

13. The TCPA prohibits the transmission of unsolicited advertisements for goods and services via facsimile. 42 U.S.C. §227(b)(1)(C).

14. The TCPA requires that facsimile advertisements include specific language advising that the recipient may request that future facsimiles cease, and further advising that the sender's failure to comply with an opt-out request within thirty days is itself a violation of the TCPA. See 42 U.S.C. §227(b)(2)(D). Further, the TCPA requires

that the notice include a domestic telephone and facsimile machine number to send an

opt-out request to the fax sender and a cost-free mechanism to transmit an opt-out

request. See 42 U.S.C. §227(b)(2)(D)(iv). In the allegations below, this required notice is

termed a "Compliant Opt-Out Notice."

15. The TCPA provides a private right of action:

> A person or entity may, if otherwise permitted by the laws or
> rules of court of a State, bring in an appropriate court of that
> State, (A) an action based on a violation of this subsection or the
> regulations prescribed under this subsection to enjoin such
> violation, (B) an action to recover for actual monetary loss from
> such a violation, or to recover $500 in damages for each violation,
> whichever is greater, or (C) both such actions.

47 U.S.C. §227(b)(3). As a federal statute, the TCPA creates federal question

jurisdiction, despite the language, "in an appropriate court of that State," in §227(b)(3).

*Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012).

16. The regulations implementing the TCPA similarly provide that no person may

"[u]se a telephone facsimile machine, computer, or other device to send an unsolicited

advertisement to a telephone facsimile machine." 47 C.F.R. §64.1200(a)(3).

17. Plaintiff brings this action on its own behalf and on behalf of all members of a

class, nationwide, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

18. On June 27, 2016, and on other dates, Defendants caused unsolicited

advertisements to be transmitted via facsimile to Plaintiff and to thousands of other

recipients in Maryland and elsewhere throughout the United States, promoting the

commercial availability and quality of Defendants' life insurance products and services.

The transmissions to Plaintiff were intended to solicit business in Maryland, were part of a campaign that intentionally and purposely targeted persons in Maryland and in other selected states, and were part of a course of conduct whereby Defendant purposefully availed itself of the laws of Maryland.

19. A true and correct copy of one of the advertisements from Defendants to Plaintiff is attached as Exhibit 1.

20. Plaintiff did not give express prior invitation or permission, and did not give prior consent in any fashion, for the transmission of the advertisement to Plaintiff via facsimile.

21. Plaintiff had no prior business relationship with any of the defendants.

22. The advertisements described in the preceding paragraphs failed to contain Compliant Opt-Out Notices.

23. On information and belief, RNISI engaged Doe Fax Broadcasters 1 – 10 to design the advertisements and provide the fax broadcasting services described above.

24. Doe Fax Broadcasters 1 – 10 collaborated with Defendant RNISI to design the fax advertisements and cause the fax transmissions described above to be initiated.

25. Roe Insurance Companies 1 – 10 collaborated with Defendants RNISI and Doe Fax Broadcasters 1 – 10 in the marketing scheme that included the fax transmissions described above.

26. Roe Insurance Companies 1 – 10 participated in, endorsed and ratified the actions of RNISI and Doe Fax Broadcasters 1 – 10 regarding the fax transmissions described above.

27. The dates of each event in the collaboration, endorsement and ratification alleged above are June 27, 2016, the dates of all other transmissions of the fax advertisements caused by Defendants, and the dates of all communications between and among the defendants related to the fax transmissions. This information is within the control of defendants and cannot reasonably be known by Plaintiff and the class members prior to discovery.

28. Defendants knowingly and willfully failed to seek or obtain express prior invitation or permission from Plaintiff before the transmissions were sent; and knowingly and willfully failed to insure that the necessary opt-out language was included in the advertisements.

29. Defendants knowingly and willfully caused unsolicited facsimile advertisements to be sent to Plaintiff and the Class in violation of the TCPA and the FCC's promulgating regulations. Plaintiff alleges in the alternative that all of the conduct of Defendants alleged in the preceding two paragraphs was reckless and careless.

30. On information and belief, Defendants' fax advertising campaigns involved other, substantially-similar advertisements also sent without the opt-out notice required by the TCPA. Plaintiff intends to locate those advertisements in discovery. *See* Exhibit 2, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

## CLASS ALLEGATIONS

31. Upon information and belief, over the past four years, pursuant to a regular and repeated practice, Defendant has engaged in advertising via unsolicited facsimile transmissions in violation of the TCPA to thousands of persons in Maryland and throughout the United States. This allegation is based on comparisons of the advertising image received via fax by Plaintiff, with images of advertisements received by others.

32. Upon information and belief, pursuant to a regular and repeated practice, RNISI failed to obtain the consent of facsimile recipients prior to the transmission of the facsimile advertisements described in the preceding paragraphs.

33. Upon information and belief, RNISI knowingly and willfully disregarded the law in conducting its facsimile marketing campaigns as described in the preceding paragraphs.

34. Defendants knowingly and willfully failed to obtain prior express invitation or permission from the class members and to take all steps necessary to ensure that the facsimile marketing campaigns were compliant with applicable telemarketing law.

35. Defendant RNISI engages in the highly regulated insurance industry and is familiar with the need to comply with federal statues in order to conduct its business.

36. Defendants knowingly and willfully failed to insure that their facsimile advertisements contained a Compliant Opt-out Notice.

37. Defendants knowingly and willfully delegated to agents critical tasks pertaining to compliance with applicable telemarketing law, including the task of

7

securing and verifying prior express invitation and permission. Defendants failed to exercise reasonable care in overseeing the execution of the facsimile campaigns, resulting in transmissions of the advertisements to the class members who gave no prior express invitation or permission.

38. Defendants knowingly and willfully caused unsolicited facsimile advertisements to be sent to Plaintiff and to the facsimile machines of the other members of the class, in violation of the TCPA and the FCC's promulgating regulations

39.   Plaintiff alleges in the alternative that all of the conduct of Defendants alleged in the preceding two paragraphs was reckless and careless.

40.   Defendants had the means, ability and incentive to document any instances in which express prior invitation or permission had been given by a recipient of the facsimiles. Defendants are on notice to preserve all such documentation.

41. Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> Each person within the United States to whom telephone facsimile messages ("faxes") were sent at any time within four years prior to the filing of the instant Complaint advertising health or life insurance products.

Plaintiff reserves the right to modify the proposed class definition or propose subclasses after discovery about Defendants' fax advertising program and will do so through a motion for class certification pursuant to Fed. R. Civ. P. 23.

42. The class as defined above is identifiable by telephone records, facsimile transmittal records, and facsimile number databases used by Defendants and their agents in transmitting the advertisements via facsimile.

43. On information and belief, the potential class members number in the thousands and are so numerous that joinder of all of them impracticable. Plaintiff is a member of the class.

44. Excluded from the class are Defendants, each of Defendants' officers, directors, legal representatives, heirs, successors, and assigns, any entity in which any Defendant has a controlling interest, any parent, subsidiary, or affiliated company of any Defendant, and any Judge assigned to this action, including his or her immediate family.

45. In this action, Plaintiff intends to discover, include, and resolve the merits of claims about all advertisements Defendants sent to Plaintiff by fax, as well as all advertisements Defendants sent to the other class members.

46. On information and belief, Defendants' fax advertising program involved other substantially similar advertisements sent to increase purchases of Defendants' life insurance products and services. Plaintiff intends to locate those advertisements in discovery. Exhibit 2,

47. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual

questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

48. Questions of law and fact common to Plaintiff and to the proposed class include, but are not limited to, the following:

    a.  Whether <u>Exhibit 1</u> and other yet-to-be-discovered facsimiles sent by or on behalf of Defendants advertised the commercial availability or quality of property, goods, or services;

    b.  Whether Defendants sent advertisements by facsimile promoting the commercial availability or quality of property, goods, or services;

    c.  The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which fax advertisements were sent;

    d.  Whether Defendants, RNISI, Doe Fax Broadcasters 1 – 10 and Roe Insurance Companies 1 – 10, violated the TCPA and the FCC promulgating regulations by engaging in illegal fax advertising;

    e.  Whether the Plaintiff and the members of the class should be awarded statutory damages as a result of Defendants' actions;

    f.  If the Court finds that Defendants willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the amount;

    g.  Whether the Court should enjoin any or all Defendants from faxing advertisements in the future; and

h. Whether Defendants converted property of Plaintiff and the class.

49. Plaintiff's claims are typical of the claims of the class.

50. Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in complex class action litigation, and in TCPA litigation in particular.

51. The actions of Defendants, RNISI, Doe Fax Broadcasters 1 – 10 and Roe Insurance Companies 1 – 10, are generally applicable to the class as a whole and to Plaintiff.

52. Common questions of law and fact predominate over questions affecting only individual members of the class.

53. The class action mechanism is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and from service providers used by Defendants.

54. The likelihood that individual members of the class will prosecute separate actions is remote due to the time, expense necessary to conduct such litigation, and the difficulty in determining the sender of the subject facsimile advertisements.

55. Plaintiff is not aware of any pending litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

56. Plaintiff is capable of and is willing to represent the other members of the class. Plaintiff intends to vigorously prosecute this action.

## COUNT I: VIOLATION OF THE TCPA

57. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58. Defendants, Roger Naaman Insurance Services Inc., Naaman Insurance Agency, Inc., Naaman Insurance Agency, Inc., Doe Fax Broadcasters 1 – 10, and Roe Insurance Companies 1 – 10, violated 47 U.S.C. § 227 (b) (1) (C) by sending an advertisement by facsimile (such as Exhibit 1) to Plaintiff and the other class members without their prior express invitation or permission.

59. By causing unsolicited facsimile advertisements to be sent to the class, Defendants violated the privacy rights of class members, consumed their property in the form of paper and toner, and interfered with their with business operations by occupying and encumbering their office equipment and consuming staff time required to sort junk faxes from legitimate faxes.

60. Defendants failed to include a Compliant Opt-out Notice on their faxes.

61. Defendants' faxes do not set forth the requirements for Plaintiff or any member of the putative class to properly request an opt-out as explained by 47 C.F.R. § 64.1200 (a) (4) (v).

62. Defendants' faxes do not inform the recipient that he/she/it must identify the telephone number to which the opt-out request relates. Some persons have multiple fax numbers.

63. Defendants' faxes do not inform the recipient that the opt-out request will be valid only unless and until the person making the request subsequently provides express invitation or permission to the sender, in writing or otherwise, to send such advertisement to such person at such telephone facsimile machine.

64. Defendants' faxes do not provide a cost-free method by which a recipient may opt out of receiving future fax advertisements, but rather require recipients to transmit a long-distance facsimile.

65. Defendants' faxes do not provide two methods by which a recipient may opt out of receiving future fax advertisements.

66. Defendants' faxes do not state that Defendant's failure to comply with an opt-out request within 30 days is unlawful.

67. Defendants' faxes do not inform the recipient that he/she/it has a legal right to request that Defendant not send any future fax.

68. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.

69. If Defendant's actions were knowing or willful, then the Court has the discretion to increase the statutory damages up to 3 times the amount. 47 U.S.C. § 227 (b) (3).

## COUNT II: INJUNCTIVE RELIEF

70. Plaintiff incorporates the allegations in all previous paragraphs as if fully set forth herein.

71. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

72. Plaintiff, acting on behalf of the Class, respectfully petitions the Court to order Defendants, Roger Naaman Insurance Services Inc., Naaman Insurance Agency, Inc., Naaman Insurance Agency, Inc., Doe Fax Broadcasters 1 – 10, and Roe Insurance Companies 1 – 10, to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## COUNT III: CONVERSION

73. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Plaintiff brings Count III on behalf of itself and a class of similarly situated persons and against Defendants.

75. By sending advertisements to their fax machines, Defendants improperly and unlawfully converted the class's fax machines to Defendants' own use. Where printed (as in Plaintiff's case), Defendants also improperly and unlawfully converted the class members' paper and toner to Defendants' own use. Defendants also converted Plaintiff's time to Defendants' own use, as they did with the valuable time of the other class members.

76. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members each owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

77. By sending them unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

78. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

79. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

80. Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff demands judgment in its favor and against Defendants, jointly and severally, as follows:

81. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

82. That Plaintiff and the other class members be awarded $500 for each violation of the TCPA by Defendants;

83. That, if it finds Defendants willfully or knowingly violated the TCPA, the Court exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount (Plaintiff requests trebling);

84. That Defendants, Roger Naaman Insurance Services Inc. , Doe Fax Broadcasters 1 – 10 and Roe Insurance Companies 1 – 10, be immediately enjoined from engaging in future telemarketing in violation of the TCPA, and specifically enjoined from sending unsolicited advertisements via facsimile;

85. That the Court award appropriate damages;

86. That the Court award punitive damages;

87. That the Court award attorney's fees;

88. That the Court award costs of suit; and

89. That the Court order such other relief as is just and equitable under the circumstances.

Respectfully submitted,

PLAINTIFF, Germantown Copy Center, Inc.,

By: /s/ Stephen H. Ring
Stephen H. Ring, Esq.
STEPHEN H. RING, P.C.
9901 Belward Campus Drive, Suite 175
Rockville, MD 20850
Phone: (301) 563-9249
Fax: (301) 563-9639
shr@ringlaw.us
USDC-MD Attorney no. 00405

Phillip A. Bock, Esq., *pro hac vice*
Jonathan B. Piper, Esq., *pro hac vice*
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 North LaSalle Street, Suite 1000
Chicago, Illinois 60602
Main: (312) 658-5500
Fax: (312) 658-5555
jon@classlawyers.com

Attorneys for Plaintiff